# EXHIBIT 4

"

| | |
|---|---|
| **From:** | Andrew Chirls <achirls@finemanlawfirm.com> |
| **Sent:** | Friday, May 30, 2014 12:37 PM |
| **To:** | 'Barbara Anderson'; 'Dianne Nast'; Mark Cheffo; 'Mark Robinson'; 'beachlawyer51 @hotmail.com'; Katherine Armstrong |
| **Cc:** | 'Bryan Aylstock Esquire (baylstock@awkolaw.com) (baylstock@awkolaw.com)'; 'Steve Corr'; Eric Rosenberg |
| **Subject:** | RE: Zoloft Conferences |

Dear Counsel:

Since our May 13, 2014 conference, I commented in writing on items 2, 5, 6 and 7 of the agenda that was issued before that conference.  We discussed items 2 and 7 further at our conference of May 27, 2014.

Here are my comments on Items 3 and 4.

ITEM 3 (Pfizer's request for relief submitted March 10, 2014 and discussed in subsequent submissions)

On March 10, 2014, Pfizer wrote to report on issues that had arisen in connection with depositions it took before the end of February 2014.  The letter described a dozen depositions.  It is fair to summarize it as follows:  (1) Pfizer states that information, documentation and the existence of documentation came to light at these depositions that should have been revealed to Pfizer before the depositions; (2) Pfizer also states that it learned at the depositions that certain documentation that should have been given to Pfizer was destroyed or discarded by plaintiffs.

Pfizer's request for relief or action is not specific to any of the twelve depositions discussed.  Pfizer does not ask, in its letter of March 10 , 2014, for example, that it be authorized to resume any depositions, that any testimony be stricken, or that any sanctions be granted.  (Pfizer has sought relief related to specific depositions in separate submissions, such as the one that is the subject of my discussion of item 4, below.)  Pfizer's request is that I direct plaintiffs to immediately provide all outstanding discovery and that PSC remind all plaintiffs' counsel of their obligations to ensure that plaintiffs have provided all required information and searched for, preserved, and produced all responsive documents.  Pfizer also asks that plaintiffs' counsel be directed to supplement their production on an ongoing basis as documents are received.

PSC responded on March 24, 2014, by describing its view of the twelve situations that Pfizer discussed in its letter of March 10, 2014.    Pfizer submitted a letter on April 7, 2014.

I expressed my view in a meeting held around the time of PSC's response that issues of whether disclosures were late or deficient, issues of whether materials were improperly discarded, and related issues of whether remedies or sanctions should be imposed, were best addressed in individual submissions relating to individual cases—and not in an omnibus submission relating to a large number of cases and disclosures.

Pfizer has taken up the opportunity to deal with discovery issues related to individual cases.  Nevertheless, I should have addressed upon presentation the actual relief sought by Pfizer, which sought to have the parties and counsel reminded of their discovery obligations.  I don't understand PSC's submission to have addressed directly the relief sought by Pfizer.

At our next call, on June 2, 2014, I would like to address what, if anything, I can do that would be timely and effective to restate and reinforce what seems pretty unarguable—that full and timely disclosure before the depositions is called for, and that parties supposed to preserve the documents and materials that are or were to have been identified in the fact sheets.  (Perhaps I have stated that too simply, and that I have stated it in a way that actually is arguable.  The point, though, is that I want to explore whether there is an effective way, at this point, to eliminate or minimize the problems

and/or controversies arising from the kinds of matters that Pfizer described in its March 10, 2014 letter.   That is not to say that there is a pervasive or systematic shortcoming on the plaintiffs' side; it is to say that there have been late disclosures, which have been acknowledged, and that there might be a way of reducing them as we move along.)

ITEM 4 (arising from the Darzev deposition and disclosures of documents provided to Dr. Darzev)

I reviewed the submissions made by letter, including a letter from Mr. Zonies dated May 22, 2014.  I have also considered the points we discussed on May 13, 2014, and reviewed the deposition transcript with the exhibits that accompanied it.

The relevant PTO calls for disclosure of documents provided to the physician witness at least three days before the deposition.  PSC's arguments imply that it was impossible to disclose these documents three days before the deposition because Dr. Darzev would not meet with plaintiff's counsel until the day of the deposition, though a later submission acknowledges that what was done was not perfect.  A meeting three hours before the deposition did not make it impossible to have complied with the order.  Plaintiff's counsel could have sent the documents he intended to show to the doctor three days before the deposition.  After all, PSC says that Pfizer should not have been surprised by the use of these documents at the deposition;  if that's so, then why couldn't PSC provide them to Pfizer regardless of whether and when a meeting with the doctor was held?  Plaintiff's counsel could have also declined to provide documents to the witness.

I should not reach the question of whether this is a willful violation of the relevant pretrial order because it could be briefed more fully in the context of a motion, and such a motion could be assigned to me.  But I do recognize that a number of factors weigh against precluding the use of the deposition at trial.

First, it's a drastic remedy which is arguably out of proportion in its importance to any violation that may have been committed by plaintiff's counsel.

Second, if there is fault, it is the fault of counsel, and not of the party.

Third, the disclosure shortly before the deposition, rather than three days before, should not have prejudiced Pfizer's ability to take an effective deposition.  In fact, I'm not at all sure that it did prevent Pfizer from taking an effective deposition.  If Pfizer's lawyer had a package of materials needed for preparation to take this deposition, and if that lawyer was given new materials shortly before the deposition, it was open for that lawyer to call someone on the Pfizer team to discuss these new documents and say, "What's the import of them?  Is there something I should know about them?"  Pfizer argues that a prepared lawyer—given three days' advance notice of the documents--would have known to ask questions based on the fact that the warnings in the documents in question were later withdrawn or that the authorities who required the warnings changed their requirements.   My own sense is that it wouldn't be hard, given the stakes, for this lawyer, armed with a telephone and a PDA, to have been prepared with that knowledge on much less than three days' notice.   Moreover, the lawyer asked plenty of questions about developments and evolution of notice requirements and evolution of knowledge of the drug, all as acquired after the treatments at issue.  The point that Pfizer says would have been made if the deposing lawyer had known about the documents three days earlier was made pretty effectively anyway, as I read the transcript.

Fourth, preclusion of the testimony might very well lead to nothing more than re-subpoena and re-deposition of the doctor in the form of a trial deposition.  That's a lot of inconvenience.

Given all this, the parties can use my comments as guidance on how they _might_ resolve the issue left open by the presentation about the Darzev deposition if they both think there is more to discuss.  I, though, am not inclined to take up discussions of how to resolve this with the idea in mind that the use of the transcript should be precluded.  If someone has a different suggestion, I'll take it up.  Subject to that possibility, I'll consider the issue closed at this point.

One point that emerged was PSC's lack of clarity in its submissions about the meaning of the term "provide" in the relevant PTO.  PSC argued that showing the doctor documents was not the same as providing the documents because counsel did not leave the documents in the doctor's custody or possession.  That is, as PSC conceded in our discussions, not a reasonable interpretation of the PTO.  If Pfizer wants me to issue a letter to Lead Counsel clarifying the point and calling for it to be circulated to relevant counsel, I will do so.  I could also ask the Court to issue an order clarifying the point.  If Pfizer's counsel will let me know what it thinks I should do on this point, I will be guided.

---

**From:** Andrew Chirls [mailto:achirls@finemanlawfirm.com]
**Sent:** Wednesday, May 21, 2014 1:05 PM
**To:** 'Dianne Nast'; 'markcheffo@quinnemanuel.com'; Mark Robinson; beachlawyer51@hotmail.com
**Cc:** Barbara Anderson; 'Bryan Aylstock Esquire (baylstock@awkolaw.com) (baylstock@awkolaw.com)'; 'Steve Corr'; Eric Rosenberg
**Subject:** RE: Zoloft Conferences

Dear Counsel:

I'm inclined to have a conference on the telephone on Friday, May 23, 2014, at ten or at any time on Tuesday, May 27, 2014.  Let me know your preference.

I've taken a look at my notes and at the status of some of the items we reached at our conference on May 13, 2014, as numbered before our conference of May 13.
This email will deal with respect to items 2, 5, 6 and 7.  I will have comments on other items later today or tomorrow.

ITEM 2 (revisiting of privilege log):
The parties stated that they were going to discuss whether and how Pfizer will reconsider its privilege designations once the Court rules on Report and Recommendation 9.  I see that the Court has adopted Report and Recommendation 9.  My view is that the adoption of the Report and Recommendation is not a ground for me to review the whole log myself or even for me to be the first person who should review any designations on the basis of Mr. Dunbar (or any other person acting in what might be called a dual capacity) having been involved in the communications that are recorded in the documents.  It seems to me that it is Pfizer's duty to revisit its log at least to that extent.  At our call (or sooner if you would like), please let me know what is happening on this issue.

ITEM 5 (Attorney Crandall contact with Dr. Lewis and Dr. Rubino):
Nobody in the room on May 13, 2014, defended the letters in question.  A more accurate letter, which could still be sent, in my view, by either party (or by me if the parties asked and if I agreed), would say that the points asserted by plaintiffs' counsel were arguable, contested and in issue.

I explored whether a letter correcting the record would satisfy or be in the interests Pfizer, which was the party that had raised the issue.  Pfizer did not want an order or recommendation from me calling for a corrective letter, for reasons that made perfectly good sense to me.  As I stated at the meeting, Eric Rosenberg and I had done some research on whether the sending of the letters was sanctionable in any way, and we had found nothing persuasive and on point.

Pfizer is asking me, in substance, to revisit Report and Recommendation 2  by requiring that the subject matter of contacts with treating physicians be limited to scheduling and other administrative matters.  I'm not persuaded based on the brief submission that Pfizer made and based on our discussion that this is appropriate at this time.

ITEM 6 (Apex motion):
I see that PSC has filed its opposition.  I explored whether a stipulation might obviate the PSC's perception of the need for the depositions of the two people at issue.  It will not.  I don't think that there is anything or me to do on this unless the Court refers the motion to me under PTO 58.

ITEM 7 (Dillard and Potts):

Separately, I wrote to say that I'm still awaiting a response to the PSC's submission from counsel for plaintiff Dillard. I also wrote separately in an email to some of you with my views on the PSC's submission as it relates to plaintiff Potts as follows:

Dear Counsel:

I considered Mr. Cheffo's letter of May 2, 2014, with exhibits, and Mr. Peavy's letter of May 12, 2014, also with exhibits.
I also have in mind the discussion we had on May 13, 2014.

I'm not empowered to issue a report and recommendation, but the parties are looking to me to give my guidance in reaching a resolution or agreement on the points raised.  Therefore, I am inclined to say what I think would be a fair, reasonable approach to an agreement; that does not mean that I would issue a report and recommendation, if the matter were referred to me upon a fuller record, that calls for the same result.  I am paraphrasing, but I recall that the end of the conversation was that if I really think that it is necessary, fair and useful to have a second session, Ms. Potts will be willing to appear again.

The two sides appear to agree that Ms. Potts provided information at or shortly before the deposition that would have been in the fact sheet if the fact sheet had been complete.   The main question is whether the apparent tardiness of the provision of information compels a second deposition.

For example, if Ms. Potts said at the deposition, "I just remembered now that I was treated by Dr. X," then Pfizer had an opportunity to elicit testimony about Dr. X's treatment of Ms. Potts.  If Pfizer attempted to elicit that testimony and If Ms. Potts gave the testimony, then there is no need for another deposition.  If, however, subsequent retrieval of records from Dr. X call into question the completeness of what Ms. Potts disclosed about her treatment by Dr. X, then there is a fair basis for calling Ms. Potts for another session.

The two submissions don't lead me to understand that there is more to be had from her testimony—at least not more to be had arising from (1) receipt of medical records that were not available at the deposition that she gave; or (2) late provision of other information by Ms. Potts.

If Pfizer wants to inform me of a basis for another session on the basis of these considerations, I am quite open to hearing about it.  I understand that laying out what all the questions might be in advance would undermine one purpose of a second session of a deposition.  Therefore, I am willing to hear about it *ex parte* (which I am authorized to do by PTO 22), at which point I will say whether I think that a second session is fair.  I invite a call or a note from Pfizer on this point.  Of course, Pfizer is free to bring a motion instead, and the motion might or might not be referred to me.

---

**From:** Andrew Chirls
**Sent:** Friday, May 09, 2014 10:24 AM
**To:** Dianne Nast; markcheffo@quinnemanuel.com; mrobinson@rcrlaw.net; beachlawyer51@hotmail.com
**Cc:** banderson@rcrlaw.net; Bryan Aylstock Esquire (baylstock@awkolaw.com) (baylstock@awkolaw.com); Steve Corr; Eric Rosenberg; Joan Muller
**Subject:** Zoloft: Conference Tuesday 9:30

Dianne, Mark, and Mark
As discussed, we have set a meeting for 9:30 am in my offices at 1735 Market Street.  I have reserved our large conference room and a breakout room.  We can order in for lunch as lunch time approaches.  Below is a list of open motions and requests for relief.

I am relying on you to pass this notice and agenda on to others whose attendance you think is called for.

OPEN MOTIONS AND REQUESTS FOR RELIEF

1.   PSC Motion to Compel Production in Response to Plaintiffs' Second Requests for Production (Doc. 798; referred by Court in PTO 58)  Ready to proceed with attempt to resolve and then argument.

2.   PSC letter submission calling for revisit of privilege log in light of R&R 9.  Submitted on 4/25/14.  Pfizer response due before our conference.  We will discuss pursuant to PTO 22 in effort to resolve.  If Pfizer can have that submission  in by Monday early afternoon, it will help us to have a productive discussion.

3.   Pfizer's request for relief submitted to me on March 10, 2014 in connection with its report on the status of plaintiff and provider depositions, as supplemented by letters dated March 24, 2014 and April 7, 2014.  This is ripe for discussion and effort to resolve.

4.   Pfizer request for relief re: Darzev deposition; submitted by letter 4/24.   I received a response on 5/8, and we are ready to discuss.

5.   Pfizer request for relief re: Attorney Crandall's contact with Dr. Lewis and Dr. Rubino; submitted by letter on 4/21/14.  I invited legal submission from Pfizer; PSC response is due.

6.   Pfizer Apex motion made 5/7/14 and submitted by letter before that.  PSC will submit before conference, hopefully by Monday lunch time, and we will be prepared to reach it.

7.   Pfizer submission re: Dillard and Potts discovery issues, submitted by letter dated 5/2/14.  PSC will see if Potts's attorney can be available to discuss (availability by phone is fine), and to see if it can arrange for a submission by Monday early afternoon, as well.  If the matter cannot be reached on Tuesday, I will be prepared to reach it in a separate conference call this week when counsel can be available.

I expect that we will also discuss submission of a schedule to Judge Rufe.

As I mentioned, if you can submit to me today or early Monday your charts of depositions and document production as accomplished and as scheduled, that will be helpful.

Also, I'd appreciate a chart of discovery pool plaintiffs (including those de-designated for the trial list), that lists name, date of birth of affected childe, nature of injury, whose pick it is, and who the lawyer is.   If it can show the state of origin or the state of treatment, that would be helpful, too.  I am trying to make a request for something that you already have, and not to ask you to any new work for the purpose of keeping me informed.

Andy