# EXHIBIT 11

"

Case 2:12-cv-02441-CMR Document 18-12 Filed 11/05/15 Page 2 of 4
Case 2:09-cv-02051-IPJ Document 89 Filed 12/06/12 Page 1 of 3
FILED
 2012 Dec-06 AM 11:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHANTIX (VARENICLINE) PRODUCTS LIABILITY LITIGATION | Master File No.: 2:09-CV-2039-IPJ<br>MDL No. 2092 |

Plaintiff: Billy G. Bedsole, Jr.

This Order Relates To:
CASE NO: 2:09-CV-2051-IPJ  **ORDER**

Pending before the court is defendant's motion to strike expert report of Dr. Lawrence R. Lacy, M.D., and to exclude Dr. Lacy's fact testimony (doc. 78), to which the plaintiff filed a memorandum in opposition (doc. 84) and the defendant filed a reply (doc. 85). Having considered the foregoing, as well as the prior Court Orders of June 30, 2011 (doc. 306), and August 16, 2011 (doc. 355), entered in the master case, the court finds as follows:

The parties agree that Dr. Lacy was one of the plaintiff's treating physicians from October 2007 until February 2008. Dr. Lacy was therefore deposed as a fact witness on August 9, 2012. Thereafter, plaintiff's counsel hired Dr. Lacy to serve as an expert witness in this case, and designated him as an expert on November 15, 2012. The expert report thus generated listed internal Pfizer documents designated as confidential. According to defendant, plaintiff therein violated the court's Orders of June 30, 2011, and August 16, 2011, both of which stated that *ex parte* communications with plaintiffs' treating physicians were limited to "the individual care of the individual plaintiffs" and

that "plaintiffs' counsel shall not discuss defendant's internal documents with plaintiffs' health care providers outside of a deposition or other on the record setting." Doc. 308, at 7 (emphasis omitted).

The plaintiff does not deny that it engaged in the aforementioned behavior, but states that once Dr. Lacy was deposed as a fact witness, no limitation preventing his hiring as an expert and therefore he could be shown internal Pfizer documents. However, the court's Orders, referenced above, contain no such exception. Although the plaintiff asserts that the practical effect of granting the defendant's motion would be to preclude "any physician that had any contact whatsoever with the plaintiff from serving as an expert in this and every other case pending in MDL No. 2092" (plaintiff's memorandum (doc. 84) at 13), the court disagrees. Merely because a physician has had contact with the plaintiff does not in itself exclude that physician as an expert witness, but the physician's designation as a "treating physician" certainly does. At any rate, no action, such as the filing of an appropriate motion, was taken here to ensure that plaintiff's conversations with Dr. Lacy as an expert witness did not violate prior court orders.

Having considered the foregoing, and being of the opinion that the defendant's motion to strike and exclude is due to be granted in part and denied in part;

2

It is therefore **ORDERED** by the court that said motion (doc. 78) is **GRANTED** to the extent that the expert report of Dr. Lacy is **STRICKEN**. It is further **ORDERED** by the court that said motion is **DENIED** to the extent that it seeks to exclude the fact testimony of Dr. Lacy, as the deposition in question was completed prior to the violation of the court's Order of June 30, 2011. The plaintiff may have Dr. Lacy testify as a fact witness by deposition or in person, but said testimony shall be limited to the knowledge Dr. Lacy obtained prior to his August deposition.

**DONE** and **ORDERED** this 6th day of December, 2012.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

3